[Civ. Nos. 4924, 4925.   Fourth Dist.   May 5, 1955.]

C. COMPTON BROWN, Respondent, v. A. W. PEETZ et al.,
Appellants.

Marvin Osburn for Appellants.

Siemon & Siemon for Respondent.

BARNARD, P. J.—These appeals involve two actions which were consolidated for trial. The defendant Peetz, as a general contractor, contracted to erect a medical building for the other defendants. The plaintiff, as a subcontractor, did the general wiring job on this building. As a separate transaction he was also engaged in installing an intercommunication system in this building. In the first of these actions, plaintiff sought to collect the balance claimed to be due upon the contract for the general wiring system, and the value of certain extras furnished in that connection. The second action claimed a balance due on the reasonable value of labor and materials furnished in installing the intercommunication system. Judgments were entered in favor of the plaintiff for a balance of $1,911.41 in the first action, and for $1,764.21 in the second action. The defendants have appealed from both judgments.

In the first action it was alleged that the plaintiff entered into a contract with Peetz as the agent of the other defendants, whereby the plaintiff agreed to install the general wiring in accordance with written plans and specifications for $6,750; that during the construction plaintiff furnished, at the request of the defendants, certain extras which were of the reasonable value of $1,298.71; that during construction the defendants paid $5,825.12 on account of said contract price and on account of said extra work, without any direction as to the application of the same; that said work was completed on April 12, 1951; that defendants had refused, after demand made, to pay the balance of $2,223.59; and that a claim for a mechanic's lien had been filed and recorded. The prayer was for a judgment for this balance and for the foreclosure of the mechanic's lien. By answer and cross-complaint the defendants denied the amount claimed to be due; alleged that the plaintiff had failed to install certain fixtures and had omitted to allow certain credits; alleged that the extras ordered were worth only $564.27; and claimed that the defendants had been damaged in the total amount of $2,950 by work stoppages caused by the plaintiff, which delayed completion of the building.

The court found that under the general building contract between Peetz and his codefendants Peetz was employed to superintend the construction of the building, and his codefendants agreed to pay the cost of the labor and materials and to pay Peetz a stated amount for his services; that the allegations of the complaint were true, with certain exceptions not

material here; that certain deductions should be made; and that on April 12, 1951, there remained due to the plaintiff on account of the contract price and the reasonable value of the extra labor and materials furnished the sum of $1,911.41, no part of which has been paid. The court also found against the defendants on their cross-complaint. Judgment for $1,911.41 was entered in favor of the plaintiff, together with a judgment for the foreclosure of his lien.

Appellants' main contention on this part of the appeal is that the court's findings, to the effect that Brown's work stoppage did not delay the completion of the building, and that the defendants were not damaged thereby, are not supported by any evidence. It is argued that the evidence shows, without conflict, that these work stoppages caused a delay of 17 days in the completion of the building; that Peetz was damaged in the sum of $1,700 because he was required to remain on the job as general contractor for an extra period of 17 days, and his time was worth $100 per day; and that Peetz was further damaged in the sum of $250 for loss of time of his key workman as a result of the delay caused by the respondent.

The evidence for the appellants shows that some work stoppages occurred but that evidence, as a whole, is far from satisfactory in showing that such stoppages were unnecessary, and in showing that the damages thus claimed were properly chargeable to the respondent. The written contract of August 4, 1950, under which this wiring was done, set forth no time limit for the completion of the work. There is no evidence that any such time limit was agreed upon in connection with the extra work ordered and done. The respondent testified to the effect that there was no delay on this building caused by work stoppages on the electrical work; that the electrical work was always ahead of the carpenters; and he fully explained why some of the electrical work had to be delayed until after other work was done. There was evidence that the plans were changed during construction and that at times the respondent had to wait until other parts of the work were done before he could proceed with his work, and there was much evidence showing that he was not to blame for these stoppages, including the main one which occurred because Peetz informed him that he would not be paid for his extra work. One of the appellant doctors testified that the stoppage was caused by a dispute over paying for the extras, and that a conference was held at which the appellants agreed to allow some of the claims

for extras but disagreed as to others. There was a valid excuse for this delay, and the evidence as a whole indicates that the respondent was guilty of no unnecessary work stoppage. The evidence, while conflicting to some extent, amply sustains the court's findings to the effect that wrongful work stoppages did not cause a delay in the completion of the building and that the appellant Peetz was not damaged thereby.

It is next contended that the judgment against Peetz' codefendants, the owners of the building, is not supported by the findings or evidence. It is argued that the contract of August 4, 1950, was entered into by the respondent and Peetz only, and the other appellants were not parties thereto; that the court did not find that Peetz had the authority to bind the other appellants; and that the findings are conflicting in that the court found that the contract of August 4, 1950, was entered into between Brown and Peetz and at another time found it was entered into between Brown and the defendants. This latter contention is based on the fact that the court found that all of the allegations of one paragraph of the complaint were true, and also found that all of the allegations of one paragraph of the cross-complaint were true. No possible prejudice appears. ▆ As to the other contentions the court found that under the original contract for this building Peetz was employed by the other appellants to superintend the construction, and his codefendants agreed to pay the cost of labor and materials and to pay Peetz a stated amount for his services. The original contract, while admitted in evidence, was not made a part of the record before us and it must be presumed that it supports this finding. Sufficient authority to bind the other appellants thus appears. It may be further observed that the matter is of no great importance, with respect to the action here in question, because of respondent's lien upon the premises covering the judgment in this action.

It is next contended that the findings fail to support the judgment in that the court failed to find upon an issue that one item included in the original wiring contract was eliminated by agreement of the parties; in that the finding that the respondent completed his contract is not supported by the evidence; and in that the finding that the appellants were indebted to the respondent in the sum of $66.09 as to an underground conduit is beyond the scope of the issues. The first of these matters was amply covered by the findings showing that proper credit was given by the court for various deductions as admitted, and as shown by the evidence. The finding

that the respondent completed his contract is amply supported by the evidence. The item of $66.09 was allowed as the extra cost to the respondent of installing a certain conduit underneath an area which the appellants had had paved before the conduit was installed, thus increasing the cost thereof. There was ample evidence that respondent could have done this work much cheaper had he been informed of the paving and allowed to do it before the paving was laid, and that he was thus damaged in that amount. While that item was not specifically alleged in the pleadings it was covered by other allegations therein, and it comes well within the issues raised by the complaint and the answer.

The final contention as to this case is that the demurrer to the complaint therein was erroneously overruled. The demurrer was on the ground that the complaint did not state a cause of action, and that it purported to state three causes of action which should have been separately stated. It is argued that the appellants were prejudiced in that they had to go to trial on the theory that the respondent had completed his contract but were met with evidence that the respondent was justified in interrupting his work and in not completing his contract; and in that evidence was offered as to the reasonable value of items claimed as extra work which should have been included as properly chargeable under the express contract. The complaint sufficiently alleged the contract and the amount due for extras, the matter of the delay was raised by the answer and cross-complaint, and no error appears in connection with overruling the demurrer.

In the second action, the complaint alleged that Peetz was acting as the agent of the owners in erecting this building; that between November 10, 1950, and April 14, 1951, the plaintiff performed labor and furnished materials at the request of defendants which were used in the construction and installation of an intercommunication system in this building; that the fair and reasonable value of the materials furnished and provided was $3,477.30, and the reasonable value of the labor furnished and performed was $1,676.70; that the total reasonable value of both labor and materials was $5,122.92; that the defendants accepted and received said labor and materials, and received the benefit thereof; that the defendants had paid plaintiff $2,000 on account thereof; and that defendants have refused to pay the balance of $3,122.92. The answer denied that any labor or materials on the intercommunication system were furnished after March 23, 1951; de-

nied that the labor or materials supplied were of any value in excess of $500; and alleged that the $2,000 was paid by Peetz as an advance payment on a contract whereby Brown agreed to install this intercommunication system for the agreed price of $4,350. As affirmative defenses it was alleged that while the things furnished were worth not more than $500, $2,000 had been paid on account and Peetz was entitled to the balance of $1,500; that plaintiff failed to do any work on this installation after March 23, 1951; that Peetz and Brown entered into an agreement on December 9, 1950, whereby Brown agreed to do this work for $4,350; that by reason of this contract Peetz was not obligated to pay Brown until after the intercommunication system had been completely installed; and that because Brown failed to complete the installation of this intercommunication system Peetz was also damaged in the sum of $700 because of seven days' time he lost, and in the further sum of $1,500 because he was required to employ others to do the work and supply the materials the plaintiff had agreed to furnish.

The court found that Peetz was employed by his codefendants to superintend the construction of this building; that his codefendants agreed to pay the cost of labor and materials and to pay Peetz a stated amount for his services; that from November 10, 1950, to April 14, 1951, plaintiffs performed labor and provided materials, at the request of the defendants, which were applied to and used in the construction of this intercommunication system; that plaintiff furnished materials of the reasonable value, after allowing for offsets and discounts, of the sum of $2,087.51 and labor of the reasonable value of $1,676.70, amounting to a total sum of $3,764.21; that the defendants paid thereon the sum of $2,000; and that there was a balance due the plaintiff from the defendants of $1,764.21. It was further found that it was not true that the plaintiff agreed to install this system for $4,350 or any other agreed sum; that the plaintiff agreed to do said work on the basis of cost of labor and materials or the fair and reasonable value thereof, and not otherwise; that the parties agreed that during the progress of the work the defendants would pay, on the first day of each month, 85 per cent of the value of the labor and materials theretofore furnished; that on April 12, 1951, there was due to the plaintiff $1,764.21 under this arrangement; that on that day the plaintiff demanded a progress payment of $1,000; that the defendants refused to pay said sum at that time, or at any time thereafter; and

that the plaintiff then ceased to furnish any work or materials in connection with the installation of this intercommunication system. It was further found that the plaintiff did not fail or refuse to continue the work except that he did so after and on account of the failure of the defendants to make the required progress payments; that Peetz requested the plaintiff to continue the work but did not pay or offer to pay to the plaintiff any sum whatever on account of the progress payments which were due; and that it is not true that Peetz was damaged to the extent of $1,500 or $400, or in any other sum whatever, by reason of any delay on the part of the plaintiff or by reason of the failure of the plaintiff to complete the work, or for any other reason.

Appellants' main contention is that the evidence shows, without conflict, that Brown agreed to install this intercommunication system for $4,350 and that the court's findings to the contrary are unsupported by the evidence. Reliance is placed on a letter dated December 9, 1950, written by Brown to Peetz and the doctor appellants. This letter, which was received as an exhibit and is now before this court, starts out ''A proposal to install an intercommunicating system . . . for the sum of $4350.00 was made.'' It then goes on to state ''Owing to changes made'' in the work required ''additions will have to be made to the above figure.'' It then went on to describe some things which had been left out and other changes which were necessary. It then stated that certain work was not included; that prices for certain other fixtures ''are not available at this time''; that certain other described things ''will entail additional material and labor''; that the price of eight items listed at prices totaling about $1,300 might increase, in which event the increased price ''will have to be added to the price of the job''; and that certain preparations for future installations are not included.

The evidence conclusively shows that this letter of December 9, 1950, was not a binding contract for a fixed price of $4,350. There was evidence that sometime in November the respondent had estimated that the intercommunication system, as shown on the plans, would cost $4,350; that changes were made and the system was not installed in accordance with the original plans; that these changes were recognized by all parties and further negotiations followed, including the writing of the letter of December 9, 1950; and that an oral agreement was then made without any fixed price. While the evidence is not without conflict, it fully supports

the court's findings to the effect that the respondent was requested to do this work on the basis of the reasonable value of the labor and materials furnished, and that he proceeded with the work on that basis.

It is further argued that the findings that it was agreed that defendants would pay to the plaintiff monthly not less than 85 per cent of the value of the labor and materials previously furnished, are beyond the scope of the issues as shown by the pleadings. The evidence sustains that finding which is an incidental part of the arrangement under which this work was performed, it is a normal and usual incident to such agreements, and it was sufficiently within the scope of the issues presented, both by the pleadings and the evidence. The evidence is that the defendant paid such monthly payments for several months, and then notified the respondent that further payments would not be made because they were relying on a flat contract for a price of $4,350.

It is further contended that the findings do not support the judgment because the court failed to find upon seven designated issues. Four of these are with respect to claimed issues relating to the effect "of the December 9, 1950 contract." The court found that there was no such contract, and there was no need for further findings in that regard. The other three matters were fully covered in the findings made, and no further findings were necessary in that connection.

It is further contended that the finding that the defendants agreed to pay the cost of labor and materials, or the fair and reasonable value thereof, is beyond the scope of the issues raised by the pleadings. This contention is without merit.

A further contention is made that the findings are conflicting because the court found that Peetz did, and did not, have a contract with the other defendants to erect this building; that the court found that the plaintiff agreed to install the system for the cost of labor and materials, and also for the fair and reasonable value thereof; and that the court found that the plaintiff and defendant made an express contract and also an implied contract at the same time. A careful reading of the findings discloses that no such conflicts exist, and it would serve no useful purpose to analyze and answer these contentions. No error or prejudice appears, and nothing in these matters could conceivably affect the result.

Finally, it is contended that the findings do not support the judgment as against the appellants, other than Peetz. It is argued that there is no evidence that these other appellants requested the respondent to install this intercommunication system, and that these other defendants are not bound by the acts of Peetz as to any contractual obligation between him and Brown, as to this intercommunication system. The findings are to the contrary and the testimony of one of the doctors shows that an intercommunication system was being installed at the request of these other appellants, that they knew that the work was being done by Brown, and that they were siding with Peetz in the controversy that had arisen. This, with some of the other evidence received, sufficiently supports the finding and judgment. The judgment as to all of the appellants is supported by the evidence and the findings made.

The judgments appealed from, and each of them, are affirmed.

Griffin, J., and Mussell, J., concurred.